The State v. Mount.

[292]                THE STATE v. MOUNT.

An absolute bill of sale of a negro was made by A to B. B, at the end of the instrument, covenants that if the said negro should serve him ten years without having children, he would at the expiration of that time

Y

offer her her freedom. *Held,* that the bill of sale was absolute, subject, however, to be defeated so far as affected the purchaser's title, at the end of ten years, by a compliance with the condition in the covenant, which is a precedent condition. And that the negro was bound to inform herself of the condition in her favor.

On *habeas corpus* to bring up the body of negro Grace.

A *habeas corpus* had issued in the vacation, returnable before the Chief Justice at his Chambers, immediately to bring up the body of the said negro, on an affirmation that there was a probability that she would be taken out of the state, as Mount and his family were on the eve of a removal. The writ being returned and the woman brought up, his Honor, the Chief Justice, bound Mount in a recognizance to appear at the next Supreme Court, and to produce then and there the body of the said negro. And now, agreeably to the conditions of the recognizance, he brought up the body.

It appeared that one Mary Pope, being the mistress and owner of the negro, conveyed her, by a bill of sale legally executed, and dated March 1st, 1779, for the consideration of £5, to Thomas Kerlin and his wife, to hold to them and their heirs forever. At the end of the bill of sale followed these words : " And the said Thomas Kerlin doth covenant and agree, that if the said Grace shall serve him ten years without having children, then at the end of the said ten years to offer her her freedom."

On the 15th of March, 1783, about four years after the sale, (Grace having had an illegitimate child within that time,) Kerlin sold her to Mount as a slave, after which, and within the period of ten years, she had several more bastard children.

*Griffith,* for the negro, made two points.

1st. That the whole instrument by which the property in the negro was conveyed to Kerlin, and the covenant by him, should be taken together ; and that it amounted to a sale of her for ten years, provided, however, she had no children in

Justices of Burlington v. Fennimore.

the interim ; if she had children she was to remain a slave. The condition being general against all procreation, as well legal as illegal, is in restraint of matrimony, and therefore void.

2d. That at all events the master was bound to give notice to the negro of the condition which had been inserted in her [293] favor, in the bill of sale ; otherwise he waived its performance, she being no party to the sale and every way incapable of being informed of her rights. 5 *Vin. Ab.* 285, § 10 ; *Ib.* 286, *pl.* 14 ; 2 *Lill. Abr.* 298.

PER CUR. (Without hearing a reply.) The first bill of sale was absolute ; she was actually sold a slave, and the condition in her favor was a condition precedent, which she was bound fully to comply with before she could claim the benefit arising out of it. Unless she performs this condition on her part, the conveyance becomes absolute, and the property of the master is not divested. See *Ketletas* v. *Fleet*, 7 *Johns.* 324.

As to the point of notice : she was bound to inform herself of the condition in her favor, her mistress having sold her on these terms, without any stipulation in the bill that Kerlin should give her notice of the fact.

Negro remanded.